```
UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| WILMA SHORE,<br><br>          Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant.<br>_____<br>UNITED STATES OF AMERICA,<br><br>          Counterclaimant,<br><br>     v.<br><br>WILMA SHORE,<br><br>          Counterclaim-<br>          Defendant,<br><br>AND<br><br>GREGORY A. SHORE and BRENDA O. REYNOLDS,<br><br>          Third-Party<br>          Defendants.<br>_____ | 1:07-cv-1160 OWW SMS<br><br>SCHEDULING CONFERENCE ORDER<br><br>Discovery Cut-Off: 1/2/09<br><br>Non-Dispositive Motion<br>Filing Deadline: 1/16/09<br><br>Dispositive Motion Filing<br>Deadline: 2/2/09<br><br>Settlement Conference Date:<br>1/14/09 10:00 Ctrm. 7<br><br>Pre-Trial Conference<br>Date: 4/13/09 11:00 Ctrm. 3<br><br>Trial Date: 5/27/09 9:00<br>Ctrm. 3 (JT-3 days) |

I.   Date of Scheduling Conference.

     March 27, 2008.

1

II.   Appearances Of Counsel.

    Myron F. Smith, Esq., appeared on behalf of Plaintiff.

    James E. Weaver, Esq., and Lauren Caspaldi, Esq., appeared on behalf of Defendant.

III.   Summary of Pleadings.

    1.   Defendant's claims: The United States contends that Mrs. Shore, Greg Shore, and Brenda Reynolds are liable for trust fund recovery penalties in connection with the failure by Dean's Materials, Inc., and Dean R. Shore, Inc., to pay employment taxes owed to the United States for the second, third and fourth quarters of 1997, all quarters in 1998, and all quarters in 1999. The United States seeks to reduce these assessments to judgment. The United States also contends that Greg Shore and Brenda Reynolds are liable for trust fund recovery penalties in connection with the failure by Cybergate Com., Inc., to pay employment taxes owed to the United States for all quarters of 1998 and the first, second and third quarters of 1999.  The United States seeks to reduce these assessments to judgment.  The United States contends that Mrs. Shore, Greg Shore, and Brenda Reynolds are responsible persons (within the meaning of 26 U.S.C. § 6672) and that their failure to collect, truthfully account for, and pay over the trust fund was willful under § 6672.

    2.   Plaintiff's claims:  Mrs. Shore contends that she is not a responsible person as defined by 26 U.S.C. § 6672, and that in any event, she did not act willfully in her positions as President of Dean's Materials, Inc., and Dean R. Shore, Inc.

IV.   Status of Service of Process.

    1.   Counterclaim Defendant Brenda Reynolds has been served

2

with process.  Counterclaim Defendant Greg Shore has not yet been served with process, as the United States has not been able to ascertain his whereabouts.

III.  Orders Re Amendments To Pleadings.

    1.  The parties do not anticipate the need to join additional parties.

    2.  The parties agree that Defendants, Does 1 through 10, inclusive are DISMISSED without prejudice.

    3.  The parties stipulate that the proper party Defendant in this case is the United States of America and, therefore, the caption of the case is amended to show that the only Defendant in the case is the United States of America and Kevin M. Brown, Acting Commissioner of Internal Revenue Service of the United States of America is deleted by interlineation and, in the future, the caption of the case shall not include the Acting Commissioner.

    4.  The parties do not presently contemplate amending the pleadings.  The United States acknowledges the possibility that a future amendment could be required depending upon asset transfers or other matters raised by discovery.

V.  Factual Summary.

    A.  Admitted Facts Which Are Deemed Proven Without Further Proceedings.

        1.  Employment tax liabilities arose for the second, third and fourth quarters of 1997, all quarters in 1998, and all quarters in 1999 by Dean's Materials, Inc., and Dean R. Shore, Inc.

        2.  Plaintiff was the President of Dean R. Shore,

3

1 Inc., during the tax years at issue.
2    3.   Plaintiff was the President of Dean's Materials,
3 Inc., during the tax years at issue.
4    4.   Plaintiff was a signatory to the Dean R. Shore,
5 Inc., checking account during the tax years at issue.
6    5.   Plaintiff was a signatory to the Dean's Materials,
7 Inc., checking account during the tax years at issue.
8    6.   Dean's Materials, Inc., and Dean R. Shore, Inc.,
9 are both California corporations doing business in the State of
10 California at times alleged in the Complaint.
11  B.   Contested Facts.
12    1.   Whether Wilma Shore was a responsible person under
13 the Internal Revenue laws of the United States.
14    2.   Whether Mrs. Shore willfully failed to pay the
15 payroll and FICA taxes for the businesses, Dean's Materials,
16 Inc., and Dean R. Shore, Inc.
17    3.   All remaining facts are contested.
18 VI.  Legal Issues.
19  A.   Uncontested.
20    1.   Jurisdiction exists under 28 U.S.C. §§ 1331 and
21 1346.
22    2.   Venue is proper under 28 U.S.C. § 1402(a)(1).
23  B.   Contested.
24    1.   Whether Mrs. Shore was a responsible person.
25    2.   Whether Mrs. Shore willfully failed to pay the
26 payroll and FICA taxes for the companies.
27    3.   Whether or not the law of any state, other than
28 Federal law, has any applicability in this case.

      4.   Whether any conduct by any Internal Revenue Service personnel should estop the collection of amounts claimed past due and owing from Plaintiff to the United States.

      5.   Whether or not any form 843 claim for refund failed to identify the specific employer to whom the refund was paid and whether there are divisible refund claims.

VII. Consent to Magistrate Judge Jurisdiction.

   1.   The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.   Corporate Identification Statement.

   1.   Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX. Discovery Plan and Cut-Off Date.

   1.   The parties agree that they shall make their initial disclosures under Rule 26(a)(1) on or before April 7, 2008.

   2.   The parties are ordered to complete all discovery on or before January 2, 2009.

   3.   The parties are directed to disclose all expert witnesses, in writing, on or before October 31, 2008.  Any supplemental or rebuttal expert disclosures will be made on or before December 1, 2008.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations.  Local Rule 16-240(a) notwithstanding,

5

the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

4.   The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

X.   Pre-Trial Motion Schedule.

1.   All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before January 16, 2009, and heard on February 20, 2009, at 9:00 a.m. before Magistrate Judge Sandra M. Snyder in Courtroom 7.

2.   In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

3.   All Dispositive Pre-Trial Motions are to be filed no later than February 2, 2009, and will be heard on March 9, 2009, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor.  In scheduling such motions, counsel shall comply with Local Rule 230.

*///*

XI.  Pre-Trial Conference Date.

    1.   April 13, 2009, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.   The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

    3.   Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

XII. Trial Date.

    1.   May 27, 2009, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.   This is a jury trial.

    3.   Counsels' Estimate Of Trial Time:

        a.   3 days.

    4.   Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XIII.     Settlement Conference.

    1.   A Settlement Conference is scheduled for January 14, 2009, at 10:00 a.m. in Courtroom 7 before the Honorable Sandra M. Snyder, United States Magistrate Judge.

    2.   Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any

7

terms at the conference.

    3.   Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences.  Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

    4.   Confidential Settlement Conference Statement.  At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

    5.   The Confidential Settlement Conference Statement shall include the following:

        a.   A brief statement of the facts of the case.

        b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims

8

are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

       c.   A summary of the proceedings to date.

       d.   An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

       e.   The relief sought.

       f.   The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XIV. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

    1.   None.

XV.   Related Matters Pending.

    1.   There are no related matters.

XVI. Compliance With Federal Procedure.

    1.   The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVII.   Effect Of This Order.

    1.   The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at

9

any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

2.   Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

3.   Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   March 27, 2008                    /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE