UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILMA SHORE, | ) 1:07-cv-01160-OWW-SMS |
| | ) |
| Plaintiff, | ) ORDER DIRECTING COUNTERCLAIMANT |
| | ) UNITED STATES OF AMERICA TO FILE |
| v. | ) A SUPPLEMENTAL BRIEF REGARDING |
| | ) ITS MOTION FOR DEFAULT JUDGMENT |
| KEVIN M. BROWN, Acting | ) NO LATER THAN AUGUST 25, 2008 |
| Commissioner of Internal | ) |
| Revenue Service of United | ) |
| States of America et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Counter-Claimant, | ) |
| | ) |
| v. | ) |
| | ) |
| WILMA SHORE, et al., | ) |
| | ) |
| Counter-Defendants. | ) |
| | ) |
| _____ | ) |

Counterclaimant is proceeding with counsel with a civil counterclaim in this action. On July 15, 2008, Counterclaimant United States of America (USA) filed a motion for default judgment that is set to be heard on September 5, 2008. The matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 72-302(c)(19).

1

1  USA seeks to recover amounts of FICA and income taxes which
2 Counterdefendants allegedly failed to collect, withhold, and pay
3 over to the United States, including statutory interest that
4 compounds daily. (Answer and Counterclaim [Doc. 8].)

5  Because claims that are legally insufficient are not
6 established by a party's default, a court in considering an
7 application for default judgment must determine whether the
8 claims upon which a plaintiff seeks a default judgment are
9 legally sufficient. An application for a default judgment
10 qualifies as a motion pursuant to Fed. R. Civ. P. 7(b)(1) and
11 Local Rule 1-101(19), and it should include briefs pursuant to
12 Local Rule 78-230(b). Thus, when seeking a default judgment, a
13 plaintiff should provide the Court with points and authorities
14 containing citations to authority showing that the Plaintiff's
15 claim or claims include allegations of all the necessary elements
16 required for entitlement to relief. It is the party's burden to
17 demonstrate to the Court that under the pertinent law, the
18 Plaintiff's claims, as alleged, are legally sufficient.

19  Here, although the moving party refers to some requirements
20 of a claim and to statutes authorizing recovery, it does not
21 provide any clear summary, accompanied by case authority and
22 application to the facts in the instant case, of the elements of
23 its claim.

24  Further, it is established that if a party states multiple
25 claims but judgment is sought on only some of them, or a party
26 seeks judgment against fewer than all of the parties defendant,
27 and the moving party does not notify the Court that the other
28 claims and/or parties have been or will be dismissed, then the

2

moving party should specify in the application the claims upon which, and the parties against whom, judgment is sought. All pertinent information regarding the status of the case as to all the parties should be submitted to the Court. Further, the party should provide authority and argument sufficient to support both a request that the Court make a finding pursuant to Fed. R. Civ. P. 54(b) that there is no just cause for delay, and a direction that a final judgment on some of the claims and/or against some of the parties should be entered. It is not appropriate to expect the Court to sift through the docket to discern the status of the case.

Likewise, the moving party should supply the Court with all pertinent and necessary legal authority pursuant to which it is appropriate to enter judgment against a particular party based upon the allegations of the party's standing, status, agency, participation, or other alleged basis for liability of the particular party.

Here, Counterclaimant seeks a default judgment against Counterdefendants Gregory A. Shore and Brenda O. Reynolds, but not against Counterdefendant Wilma Shore.

Without the needed information, USA will not have established its entitlement to the judgment it seeks, and the Court will be unable to recommend entry of a default judgment.

////
//////
///////
///////
////////

Accordingly, Counterclaimant USA IS DIRECTED to serve and file a supplemental brief concerning these matters no later than August 25, 2008.

IT IS SO ORDERED.

**Dated:   August 11, 2008**               /s/ Sandra M. Snyder
                                                                  UNITED STATES MAGISTRATE JUDGE