UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILMA SHORE, | ) 1:07-cv-01160-OWW-SMS |
| | ) |
| Plaintiff, | ) ORDER VACATING HEARING SET FOR |
| | ) SEPTEMBER 5, 2008, ON COUNTER- |
| v. | ) CLAIMANT'S MOTION FOR DEFAULT |
| | ) JUDGMENT AND TAKING MOTION OFF |
| KEVIN M. BROWN, Acting | ) CALENDAR WITHOUT PREJUDICE TO |
| Commissioner of Internal | ) REFILING THE MOTION IN CONFORMITY |
| Revenue Service of United | ) WITH THIS ORDER |
| States of America et al., | ) |
| | ) INFORMATIONAL ORDER TO COUNTER- |
| Defendants. | ) CLAIMANT AND TO COUNTER- |
| _____ | ) CLAIMANT'S COUNSEL, McGREGOR W. |
| | ) SCOTT, JAMES E. WEAVER, AND |
| UNITED STATES OF AMERICA, | ) LAUREN M. CASTALDI, RE: SANCTIONS |
| | ) |
| Counter-Claimant, | ) |
| | ) |
| v. | ) |
| | ) |
| WILMA SHORE, et al., | ) |
| | ) |
| Counter-Defendants. | ) |
| | ) |
| _____ | ) |

Counter-claimant United States of America (USA) is proceeding with counsel with a civil counterclaim in this action. On July 15, 2008, USA filed a motion for default judgment on the counterclaim that was set to be heard on September 5, 2008. The matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 72-302(c)(19).

1

Because of defects in the original briefing in support of the motion that was submitted by USA's counsel, McGregor W. Scott, James E. Weaver, and Lauren M. Castaldi, it was necessary for the Court and its staff to expend scarce resources[1] not in addressing the merits of the underlying motion, but rather in instructing counsel to provide adequate support for its motion. Specifically, the Court had to remind counsel of the necessity of defining the elements of the claim or claims upon which USA sought to recover and providing specific authority therefor in connection with the determination of the legal sufficiency of the counterclaim, as distinct from merely referring to a pleading that in turn refers to a statute by number. Further, similar reminders had to be set forth regarding the relief sought and the necessity of making a showing and providing authority in connection with the determination that the Court must make pursuant to Fed. R. Civ. P. 54(b).[2]

The Court gratefully acknowledges that the supplemental brief filed on August 25, 2008, does contain several paragraphs that actually quote relevant portions of the governing statute (26 U.S.C. § 6672) and even set forth some case law defining the terms in the statute and elements of recovery. (Supp. Brief at p. 7, lines 17 through 27 to p. 8, lines 1-11.) Likewise, the Court is delighted that counsel generously referred to authority concerning the burdens of proof and persuasion and methods of

---

[1] Counter-claimant and its counsel ARE INFORMED that the Eastern District of California has one of the highest, if not the highest, weighted caseload in the nation, and thus the undersigned Magistrate Judge is especially mindful of the need to avoid wasting the Court's resources, including the time of its judges and staff.

[2] Although this fact was not even adverted to in the initial papers, the existence of one other party to the suit was noted by the Court from its independent review of the docket.

2

1 establishing a prima facie case, although no precise application
2 of particular probative documents to particular elements of the
3 prima facie case (e.g., responsible party, wilfulness, etc.) were
4 systematically attempted in this context. (Id. at p. 9, ll. 10-
5 28, p. 10, ll. 1-13.)

6 However, the entire package, consisting of the initial
7 motion and supporting papers, and all the supplemental papers
8 that the Court had to solicit, does not address the issues in the
9 case adequately and with sufficient organization, specificity,
10 and accuracy to permit the Court to proceed to consider the
11 motion on the merits with sufficient confidence or efficiency.

12 In various instances, counsel either misrepresent the state
13 of the record, or do not adequately refer to the location of
14 items in the record; the Court is not sure which is the case and
15 is not willing to spend more resources at this point in order to
16 determine which it is.

17 For example, it is stated that there are assessments against
18 the taxpayer Shore for federal tax liability and associated
19 penalties for Gregory Shore for various tax periods. The first
20 periods mentioned are June 30, 1997, and September 30, 1997.
21 (Memo. p. 4, ll. 23-24; Supp. Memo. p. 4,  ll. 8-9, p. 9, ll. 1-
22 4.) The reference to supporting documents is to the declaration
23 of Lauren M. Castaldi, Exhibits 1-17. However, the Court finds no
24 assessments for tax periods ending June 30, 1997, and September
25 30, 1997. The difficulty of discerning the nature of the problem
26 is compounded by counsel's failure to refer to specific exhibits
27 and further failure to identify specific pages of the exhibits
28 that constitute the pertinent assessments and portions thereof;

3

this failure appears to be repeated throughout the submitted papers.[3] Further, there are no explanations of the entries or the columns in the assessment documents, which do not line up vertically under either "Assessment" or "Payment" categories. The purpose of providing exhibits to support assertions as to documentary proof is undercut by the absence of clear and meaningful references to the documents and basic explanations needed to determine if the document indeed sets forth what is claimed by counsel. The Court also notes that it has not received tabbed courtesy copies.

   Again, it is stated that it is alleged in the counterclaims that Counter-defendants were responsible persons in all three entities, namely, Dean's Materials, Inc., Dean R. Shore, Inc., and Cybergate Com., Inc. (Memo. p. 2, ll. 21-27.) The reference is not accompanied by any citation to the portions of the counterclaims containing the allegations. After sifting through the counterclaims, the Court has been unable to locate an allegation that the Counter-defendants were responsible persons with respect to Cybergate Com., Inc. (Ctrclms. ¶¶ 6, 8.)

   Just as fundamentally, counsel appear to have failed to appreciate that the undersigned Magistrate Judge will be required to set forth findings and recommendations as to each counter-defendant separately, and as to each part of the overall sum requested for each counter-defendant. Even if as to the entire amount claimed the government were validly entitled to judgment, the Court could not merely inform the District Judge that the

---

[3] Counsel's failure to refer to specific exhibits and page numbers and, where possible, line numbers of pages, is particularly wasteful of the Court's time, will not be tolerated, and in the future may warrant sanctions.

1  overall amount sought was fine, and provide a string citation of
2  record references. Over the years of presiding over motions for
3  default judgment, the undersigned Magistrate Judge has observed
4  that the parties have regularly employed meaningful units of
5  organization of analysis and argument. For example, each party is
6  discussed separately; the law is applied to the facts of the case
7  in a logical and clear fashion, with each element of a claim
8  defined, and all the supporting documentation relating to that
9  element summarized in one location and with accurate and specific
10 references to the allegations of the pertinent pleading or to
11 supporting evidentiary matter. Where chronology is important
12 (such as in the present case, where there are numerous separate
13 tax periods regarding which documentation is submitted), the
14 proof is also organized chronologically and is accompanied by
15 helpful and comprehensive references to all the supporting
16 documentation. Otherwise, the Court's time is wasted, and the
17 Court is thrust into the role of the advocate in hunting for
18 authority and factual matter to make out the claims that are
19 rightfully counsel's responsibility, and not the Court's.
20     However, counsel apparently expect the Court to sift through
21 pages of exhibits and declarations with respect to each tax
22 period, shuffling back and forth to find assessments,
23 calculations of interest, pertinent additional proof from
24 interviews, and so forth. This is hardly conservative of the
25 resources of the Court. At the very least, treatment of each
26 taxpayer, and of each unit of the counterclaim (such as a tax
27 period), should be segregated. Further, all probative matter as
28 to each element of the claim or recovery should be cited, with

page numbers and even line numbers if possible, in a fashion that proceeds logically and economically with respect to each unit.

Finally, as the Court has previously specifically informed Counter-claimant and its counsel, it is established that if a party states multiple claims but seeks judgment on only some of them, or seeks judgment against fewer than all of the parties defendant, and the moving party does not notify the Court that the other claims and/or parties have been or will be dismissed, then the moving party should specify in the application the claims upon which, and the parties against whom, judgment is sought. All pertinent information regarding the status of the case as to all the parties should be submitted to the Court. Further, the party should provide authority and analysis sufficient to support both a request that the Court make a finding pursuant to Fed. R. Civ. P. 54(b) that there is no just cause for delay, and a direction that a final judgment on some of the claims and/or against some of the parties should be entered. It is not appropriate to expect the Court to sift through the docket to discern the status of the case, or to undertake to support the party's application in the first instance.

This information was given to counsel in the Court's order of August 11, 2008. Despite the presence of an underlying claim against USA, and despite the fact that similar claims for overlapping periods concerning the same business entities are involved in the counterclaims against all Counter-defendants, the only contribution that counsel made in response to the Court's specific direction was to note the following:

The United States has not asked for an entry of default

6

>judgment against Wilma Shore, as she has been an active participant in this litigation. (Footnote omitted.)

(Supp. Brief p. 3, ll. 11-12.) In a footnote, counsel stated:

>With respect to Ms. Shore, the United States is awaiting responses to its First Set of Requests for Production served on July 2, 2008.

(Id. at p. 3, n. 1.)

Again, the Court is loath to take up the mantle of advocate for a party, but because the matter is one which the Court cannot ignore and, indeed, must affirmatively address, and further because USA's counsel appears to be unable or unwilling to address this matter, the Court INFORMS counsel that the policy concerns underlying Rule 54(b), namely, finality, severability, and avoidance of piecemeal litigation, arise principally in the context of the availability of appellate recourse. See Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 432-48 (1956); W. L. Gore & Associates, Inc. v. International Medical Prosthetics Research Association, Inc., 975 F.2d 858, 862-65 (Fed. Cir. 1992). However, considerations of fairness and the sound administration of justice are also applicable to the entry of a default judgment in a case involving multiple parties or claims. Further, default judgment should not be entered against a defendant who is alleged to be liable jointly with other defendants until the case is adjudicated against all defendants, or all defendants have defaulted; the possibility of inconsistent judgments must be avoided. Frow v. La Vega, 15 Wall. 552, 554-55 (1872) (default judgment against one defendant charged with joint participation in fraud held to be improper until judgment against the other defendants was adjudicated). See also, In re First T.D. &

7

Investment, Inc., 253 F.3d 520, 532 (9th Cir. 2001); Shanghai Automation Instrument Co. Ltd v. Kuei, 194 F.Supp.2d 995, 1005-10 (N.D.Cal. 2001). Without expressing any view on the potential success of USA's motion for default judgment, the Court notes that review of the other components of a complex application for default judgment may waste significant judicial resources if the judgment is inappropriate because of a problem with Rule 54(b).

The Court's assumption with respect to the inadequacy of the initial briefing regarding the motion was that learned counsel had become so expert in this specialized area of the law that they had overlooked the fact that the Court is not an expert advocate for the parties and that the Court must be informed of the pertinent law, and of the particularized application of the law to the facts in any given case, pursuant to Fed. R. Civ. P. 7(b)(1), Local Rule 1-101, and Local Rule 78-230(b).

However, review of the supplemental brief precipitates another set of assumptions that is less charitable.

Accordingly, USA and its counsel ARE INFORMED that a failure to comply with an order of the Court may result in sanctions, including dismissal, pursuant to the inherent power of the Court or the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b), 11; Local Rule 11-110; Chambers v. NASCO, Inc., 501 U.S. 31, 42-43 (1991).

Local Rule 11-110 provides that a failure of counsel or of a party to comply with the Local Rules or with any order of the Court may be grounds of imposition by the Court of any and all sanctions authorized by statute, rule, or within the inherent power of the Court. A court may impose monetary sanctions,

payable to the court, in the nature of a fine pursuant to the court's inherent powers where the Court finds that the offending conduct was undertaken in bad faith. <u>Zambrano v. City of Tustin</u>, 885 F.2d 1473, 1478 (9th Cir. 1989). Monetary sanctions may be imposed for violation of a local rule upon a finding of conduct amounting to recklessness, gross negligence, or repeated unintentional flouting of court rules. <u>Id.</u> at 1480. Sanctions should not be imposed without giving counsel notice and an opportunity to be heard. <u>Miranda v. Southern Pacific Transp. Co.</u>, 710 F.2d 516, 522-23 (9th Cir. 1983).

Further, 28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

For action to be considered unreasonable and vexatious, it must involve bad faith, improper motive, or reckless disregard of the duty owed to the Court. <u>Edwards v. General Motors Corp.</u>, 153 F.3d 242, 246 (5th Cir. 1998); <u>New Alaska Development Corp. v. Guetschow</u>, 869 F.2d 1298, 1306 (9th Cir. 1989). The imposition of sanctions under § 1927 requires a finding of bad faith; an attorney's bad faith is assessed under a subjective standard, pursuant to which either knowing or reckless conduct is sufficient. <u>Pacific Harbor Capital, Inc. v. Carnival Air Lines</u>, 210 F.3d 1112, 1118 (9th Cir. 2000). An attorney subject to sanctions pursuant to § 1927 is entitled to notice and an opportunity to be heard by way of briefing, but no oral or evidentiary hearing is required. <u>Pacific Harbor Capital, Inc. v.</u>

Carnival Air Lines, 210 F.3d at 1118.

    The hearing on USA's motion for default judgment previously set for September 5, 2008, IS VACATED, and the motion IS TAKEN OFF CALENDAR without prejudice to refiling the motion in conformity with this order.

**IT IS SO ORDERED.**

**Dated:   September 3, 2008**                      /s/ Sandra M. Snyder
                                                  **UNITED STATES MAGISTRATE JUDGE**