**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **WILMA SHORE,** | 1:07-CV-01160 OWW SMS |
| Plaintiff, | MEMORANDUM DECISION RE DEFENDANT UNITED STATES OF AMERICA'S MOTION TO STRIKE EXPERT DISCLOSURE OF DENNIS BEAN (Doc. 48.) |
| v. | |
| **KEVIN M. BROWN, ACTING COMMISSIONER OF INTERNAL REVENUE SERVICE OF UNITED STATES OF AMERICA, and DOES 1 through 10 inclusive** | |
| Defendant. | |
| **UNITED STATES OF AMERICA,** | |
| Counterclaimant, | |
| v. | |
| **WILMA SHORE,** | |
| Counterclaim Defendant. | |
| **AND** | |
| **GREGORY SHORE and BRENDA O. REYNOLDS** | |
| Additional Counterclaim Defendants. | |

///
///
///

1

# I. **INTRODUCTION**.

Before the court for decision is the United States' "Motion to Strike the Expert Disclosure of Mr. Dennis Bean," filed on June 5, 2009. (Doc. 48.) Plaintiff Wilma Shore has filed opposition, to which the United States has replied. (Docs. 68, 71.)

# II. **BACKGROUND**.

Dennis Bean is an expert witness for Plaintiff. Mr. Bean is a Certified Public Accountant hired by Mrs. Shore to opine on her culpability under 26 U.S.C. 6672. Mr. Bean also intends to offer opinions concerning internal policies and procedures at the IRS.

On April 16, 2009, pursuant to a modified scheduling order, the deadline for all expert disclosures was extended to May 6, 2009. (Doc. 47.) The order also extended the deadline for expert rebuttal witnesses to June 8, 2009 and the expert discovery deadline to June 29, 2009. The trial date is November 3, 2009.

On May 15, 2009, Plaintiff identified Dennis Bean as her expert. However, Plaintiff's disclosure did not, as required by Rule 26 of the Federal Rules of Civil Procedure, include Mr. Bean's report nor did it include his proposed opinions.

On June 5, 2009, the United States moved to strike Plaintiff's expert disclosure of Mr. Bean and to preclude Mr. Bean from presenting trial testimony. The United States provides two grounds to support its motion. First, the government argues that Plaintiff's disclosure was untimely. Second, the untimely disclosure did not include Mr. Bean's report or his opinions, i.e., the necessary information under Rule 26(a)(2) of Federal Rules of Civil Procedure. According to the government, because Mr. Bean's

**2**

1  designation was incomplete and untimely, it was not able to obtain
2  a rebuttal expert by the expert deadlines.  The government asserts
3  that Mr. Bean's designation was prejudicial.
4       On August 10, 2009, counsel for Plaintiff served on the United
5  States an unsigned report of Dennis Bean.  The report was sent by
6  email and labeled "Draft."
7       On August 10, 2009, Plaintiff opposed the government's motion
8  to strike.  (Doc. 68.)  Plaintiff claims that the Mr. Bean's
9  designation was a mere nine days late and, in any event, Mrs. Shore
10 stipulates to allowing the government to disclose an expert any
11 time up to trial and will make Mr. Bean available to the government
12 for deposition by phone, internet, or in person.  (Id.)
13      The United States filed its reply on August 13, 2009.  (Doc.
14 71.)  In its reply, the government elaborated on its frustration
15 concerning Plaintiff's incomplete and untimely expert designation:

> [t]he report did not follow within days or even weeks after the Plaintiff identified the expert. The United States would not quibble over small or inconsequential variations from the scheduling order in this case. But Plaintiff has unfairly shortened the United States' time to prepare for trial by a large margin. The Court's deadlines afforded the parties six months to prepare for expert testimony at trial. By first providing an unsigned draft report less than three months prior to trial, long after the close of expert discovery, after the filing of a motion for summary judgment by the United States that addressed the known issues in the case, and a mere week prior to the hearing on the motion to strike Mr. Bean, the Plaintiff has crossed the line from mere untimeliness into inexcusable neglect that prejudices the United States. The Plaintiff has not provided any compelling reason for this extreme untimeliness. Indeed, this case was filed in August 2007, and the Plaintiff has had more than ample time to procure an expert and have a report prepared.

27 (Doc. 71, 5:10-5:19.)
28      At oral argument, Plaintiff's counsel candidly admitted he had

**3**

no cause for the late report except that the date it was submitted was the date he received it from Mr. Bean.

### III. **DISCUSSION**.

"Federal Rule of Civil Procedure 16 vests the district court with early control over cases 'toward a process of judicial management that embraces the entire pretrial phase, especially motions and discovery.'" *In re Arizona*, 528 F.3d 652, 657 (9th Cir. 2009) (quoting Fed. R. Civ. P. 16 advisory committee's note, 1983 Amendment). "Rule 16 further recognizes the inherent power of the district court to enforce its pretrial orders through sanctions, Fed. R. Civ. P. 16(f), and the discretion of the [trial] judge to apply an appropriate level of supervision as dictated by the issues raised by each individual case." Id. (citing, e.g., Fed. R. Civ. P. 16(c)(2)). "Failure to comply with the scheduling order exposes a party to 'any just orders,' as determined by the [trial] judge, including dismissal, entry of default or contempt of court." Id. (citing Fed. R. Civ. P. 16(f), 37(b)(2)).

As authorized by Rule 26(a)(2)(C), the scheduling order set the timing and dates for expert disclosures and incorporated what Rule 26(a)(2)(B) requires to be disclosed. Rule 26(a)(2) (C) ("A party must make these disclosures at the times and in the sequence that the court orders...."). Rule 26(a)(2)(B) mandates that an expert witness' disclosure "be accompanied by a written report-prepared and signed by the witness ... [and] must contain (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the data or other information considered by the witness in forming them; ... (v) a

**4**

list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case."

"In these days of heavy caseloads, trial courts ... set schedules and establish deadlines to foster the efficient treatment and resolution of cases." *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). "As the torrent of civil and criminal cases unleashed in recent years has threatened to inundate the federal courts, deliverance has been sought in the use of calendar management techniques. Rule 16 is an important component of those techniques." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 611 (9th Cir. 1992). "[F]ederal courts strictly enforce the expert witness disclosure requirements in Rule 26(a)(2)(B), and have the discretion to impose sanctions for an untimely or inadequate expert disclosure including the exclusion of expert witness testimony." *Wilderness Development, LLC v. Hash*, 2009 WL 564224, * 3 (D. Mont. 2009) (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). "Exclusion of expert testimony 'is an appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26(a).'" Id.

Untimely expert disclosure implicates Federal Rule of Civil Procedure 37(c)(1). This Rule provides "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless...." Fed. R. Civ. P. 37(c)(1). A party may still use that party's expert witness

**5**

evidence if the failure to timely disclose that evidence was either "substantially justified" or "harmless." *Yeti By Molly, Ltd.*, 259 F.3d at 1106. District courts are given "particularly wide latitude ... to issue sanctions under Rule 37(c)(1)." Id. at 1106.

The Ninth Circuit has consistently demonstrated that Rule 16's deadlines are firm, real and are to be taken seriously by the parties and their counsel. *See, e.g., Janicki*, 42 F.3d at 566; *Hostnut.Com, Inc. v. Go Daddy Software, Inc*., 2006 WL 2573201 * 3 (D. Ariz. 2006) (evidence not disclosed until more than two months after the discovery deadline precluded at trial); *Schwartz v. Home Depot U.S.A.,* Inc., CV-06-2168-PHX-FJM (party's first request to extend expert witness disclosure deadline denied; defense expert precluded); *U.S. ex rel. O'Connell v. Chapman University*, 245 F.R.D. 652 (C.D.Cal. 2007) (sanction of an award of attorney's fees in the amount of $5,805.00 imposed under Rule 37(c) for plaintiff's untimely expert disclosure and noncompliance with Rule 26(a)(2)(B)).

If, however, a district court is inclined to strike a party's expert witness as a sanction due to the untimely disclosure of the expert or expert's report, the Ninth Circuit instructs that district courts consider the following factors: "1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits; 5) the availability of less drastic sanctions." *Lindner*, 249 F.R.D. at 642 (quoting *Wendt v. Host Int'l, Inc*., 125 F.3d 806, 814 (9th Cir. 1997)).

In this case, Plaintiff's arguments for the timing and

**6**

completeness of her expert's disclosure and his report run afoul of the purpose of the mandatory expert disclosure requirements of Rule 26(a)(2) and the plain, ordinary language of the April 16, 2009 modified scheduling order.  Whether intentional strategy or not, Plaintiff's disclosure of her expert ensured the United States could not offer rebuttal opinions to Plaintiff's expert at trial. Considering that the parties stipulated to move the expert designation deadline from April 15, 2009 to May 6, 2009, her untimely disclosure violated the scheduling order by disclosing her expert on May 15, 2009, instead of May 6, 2009.  Plaintiff has failed to articulate good cause for this violation and Plaintiff's errors are not harmless to the United States because, unless remedied, the United States cannot offer rebuttal opinions to Plaintiff's expert opinion testimony at trial.[1]  Having found a violation of the scheduling order, as well as a Rule 26(a)(2) deficiency, the appropriate remedy is determined under the *Wendt* factors.

Here, allowing Mr. Bean's untimely and incomplete report would delay the case and prejudice the United States, as well as impose on the management of the Court's docket.  *See Wong,* 410 F.3d at 1060 ("In these days of heavy caseloads, trial courts ... set schedules and establish deadlines to foster the efficient treatment and resolution of cases."); *Mammoth Recreations, Inc.*, 975 F.2d at 610 ("Disregard[ing] the [scheduling] order would undermine the court's ability to control its docket, disrupt the agreed-upon

---

[1] Plaintiff also did not move under Rule 60(b) to be relieved of this failure.

**7**

course of the litigation, and reward the indolent and the cavalier.") The first three factors weigh in favor of exclusion.

As to the fourth factor, it is neutral because exclusion in this case would not be tantamount to dismissal. The only factor that weighs against exclusion is the availability of less drastic sanctions. However, Plaintiff did not suggest an alternative, less drastic sanction in her opposition brief or at oral argument. After reviewing each of the five *Wendt* factors, the majority of the factors weigh in favor of excluding Mr. Bean's incomplete and untimely report. The United States' motion to strike is GRANTED.

The United States' motion to strike is granted for another independent reason, namely that Plaintiff's expert offers only legal conclusions. For example, in his declaration opposing the government's summary judgment motion, Mr. Bean, a purported IRS and accounting expert, questions whether IRS Agents followed internal procedures and concludes that Mrs. Shore is neither a "responsible person" nor acted "willfully" under § 6672. (Doc. 75.) Bean states that "I have also reviewed the record to determine if Wilma Shore meets the requirements of 26 U.S.C. section § 6672 as a person responsible for the collection and payment of withholding taxes and secondly whether or not she was willful in non-compliance with the payroll tax collection and reporting requirements. If either of these elements are not present, she is not liable for the penalty assessed." (Doc. 75, ¶ 13.)

Mr. Bean offers two legal conclusions concerning 26 U.S.C. § 6672:

> As to responsibility, I note that there must be evidence of the ability to exercise independent judgment with respect to the financial affairs of the

**8**

> company. The record in this matter is devoid of any such knowledge or involvement on the part of Mrs. Shore during the period of time 1996 through 1999 when she resigned. The evidence shows that her involvement was limited to working on a part time basis wherein she balanced the company checking account and as needed signed checks. There is no evidence of significant control over company finances.
>
> As to the willfulness on the part of Mrs. Shore, I find nothing in the record to demonstrate that she was knowledgeable of the fact that the company was behind in the payment of employment taxes for the second, third and fourth quarters of 1997 and for the four (4) quarters of 1998 and 1999 during the time period that she was an officer of the corporation. Further, all of the information in the record shows that the decision making power over the payment of creditors rested with Greg Shore and not Wilma Shore. As such, it is my opinion she was not willful within the meaning of Internal Revenue Code section 6672 for the assessment of the penalty for the taxpayer trust fund recovery.

(Doc. 75, ¶ 16, 17.)

Mr. Bean did not limit his opinions to accounting procedures or bookkeeping issues at CMS and INCON during the relevant tax periods; rather, Bean opined as to the legal standards to hold Mrs. Shore liable for CMS and INCON's tax delinquencies. Bean offered legal opinions concerning whether Mrs. Shore was a "responsible party" or "acted willfully" under § 6672. Such testimony offering legal conclusions is inappropriate matter for expert testimony. *See U.S. v. Scholl*, 166 F.3d 964, 973 (9th Cir. 1999) (excluding expert testimony offering a legal conclusion); *Aguilar v. International Longshoremen's Union*, 966 F.2d 443, 447 (9th Cir. 1992) (noting matters of law are for the court's determination, not that of an expert witness); *see also Snap-Drape, Inc. v. C.I.R.*, 98 F.3d 194, 198 (5th Cir. 1996) (expert testimony consisting of legal conclusions inadmissible).

Bean inappropriately expressed legal conclusions on the issue

9

of responsibility and willfulness under 26 U.S.C. 6672.  His legal opinions are inadmissible.

### IV.  CONCLUSION.

For the reasons set forth above, the United States "Motion to Strike the Expert Disclosure of Dennis Bean" is GRANTED.

IT IS SO ORDERED.

**Dated:   October 9, 2009**                                   **/s/ Oliver W. Wanger**
                                                               UNITED STATES DISTRICT JUDGE

**10**